IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20118
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JAVIER AGUILAR-DOZAL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-650
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Francisco Javier Aguilar-Dozal appeals the sentence imposed following his conviction of being found in the United States after deportation in violation of 8 U.S.C. § 1326. Aguilar-Dozal raises two issues on appeal: (1) that the sentencing provisions in 8 U.S.C. § 1326(b) are unconstitutional on their face and as applied in his case and (2) that the district court should have suppressed the evidence of his prior administrative deportation

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because he was deprived of due process during his 8 U.S.C. § 1228 administrative deportation proceeding. Aguilar-Dozal concedes that his arguments are foreclosed by this court's precedent. He raises the issues to preserve them for Supreme Court review.

In Almendarez-Torres v. United States, 523 U.S. 224, 239-47 (1998), the Supreme Court held that the sentencing provisions in 8 U.S.C. § 1326(b) do not violate the Due Process Clause. Contrary to Aguilar-Dozal's suggestion, that decision was not overruled by Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000). See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Id. at 984 (internal quotation marks and citation omitted). Aguilar-Dozal's argument that the sentencing provisions in 8 U.S.C. § 1326(b) are unconstitutional is indeed foreclosed.

In United States v. Benitez-Villafuerte, 186 F.3d 651, 656-60 (5th Cir. 1999), this court held that the administrative deportation procedures set forth in 8 U.S.C. § 1228 comport with due process and that evidence of such deportation proceedings is admissible in a subsequent criminal prosecution under 8 U.S.C. § 1326. We are bound by this court's precedent absent an intervening Supreme Court decision or a subsequent en banc decision. See United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999). No such decision overruling Benitez-Villafuerte exists. Aguilar-Dozal's argument that the district court should

have suppressed the evidence of his prior administrative deportation is also foreclosed.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. The Government asks that an appellee's brief not be required. The motion is GRANTED. The judgment of the district court is AFFIRMED.

MOTION GRANTED; AFFIRMED.